UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
Yoel Dembitzer

                          Plaintiff,                                   Index No: 7:18-cv-8058

        -against-

American Express Company,
Capital One Financial Corporation,
Toyota Motor Credit Corporation.

                          Defendant(s).
------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Yoel Dembitzer ("Plaintiff"), by and through his attorneys Stein Saks, PLLC, and as and for his Complaint against Defendant American Express Company ("Amex"), Defendant Capital One Financial Corporation ("Cap One") and Defendant Toyota Motor Credit Corporation ("Toyota"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of New York, County of Rockland, residing at 5 S Post Lane, Airmont, NY, 10952.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant American Express Company is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address at for service in New York c/o CT Corporation System, 111 8th ave, New York, NY, 10011.

7. Defendant Capital One Financial Corporation is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address at 1680 Capital One Drive, Mclean, VA, 22102.

8. Defendant Toyota Motor Credit Corporation is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address in New York c/o CT Corporation System, 111 8th ave, New York, NY, 10011.

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Toyota

10. On information and belief, on a date better known to Trans Union, Trans Union prepared and issued credit reports concerning the Plaintiff that included inaccurate information.

11. The inaccurate information furnished by Defendant Toyota and published by Trans Union is inaccurate since the Plaintiff did not recognize this account, and was never late.

12. Defendant Toyota has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

13. Plaintiff notified Trans Union that he disputed the accuracy of the information Trans Union was reporting, on or around May 7, 2018 specifically stating in a letter that he was disputing this account.

14. It is believed and therefore averred that Trans Union notified Defendant Toyota of Plaintiff's dispute.

15. Upon receipt of the dispute of the account from the Plaintiff by Trans Union, Toyota failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed accounts, including still a late payment notation.

16. Furthermore, Toyota failed to mark the account as disputed despite receiving the dispute letter from Plaintiff.

17. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the dispute account, Trans Union did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

18. Notwithstanding Plaintiff's efforts, Trans Union sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

19. As of the date of the filing of the filing of this Complaint, Defendant Toyota continues to furnish credit data which is inaccurate and materially misleading, and Trans Union's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

20. Defendant Toyota erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

21. As a result of Defendant Toyota conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

<u>Capital One</u>

22. On information and belief, on a date better known to Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information.

23. The inaccurate information furnished by Defendant Capital One and published by Equifax is inaccurate since it includes an incorrect late payment of February 2017.

24. Defendant Capital One has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

25. Plaintiff notified Equifax that he disputed the accuracy of the information Equifax was reporting, on or around May 7, 2018 specifically stating in a letter that he was disputing the incorrect late payment.

26. It is believed and therefore averred that Equifax notified Defendant Capital One of Plaintiff's dispute.

27. Upon receipt of the dispute of the account from the Plaintiff by Equifax, Capital One failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed accounts, including multiple late payment notations.

28. Furthermore, Capital One failed to mark the account as disputed despite receiving the dispute letter from Plaintiff.

29. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the dispute account, Equifax did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

30. Notwithstanding Plaintiff's efforts, Equifax sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendant Capital One continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

31. As of the date of the filing of the filing of this Complaint, Defendant Capital One continues to furnish credit data which is inaccurate and materially misleading, and Equifax's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

32. Defendant Capital One erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

33. As a result of Defendant Capital One conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

Amex

34. On information and belief, on a date better known to Trans Union, Trans Union prepared and issued credit reports concerning the Plaintiff that included inaccurate information.

35. The inaccurate information furnished by Defendant Amex and published by Trans Union is inaccurate since the Plaintiff states this account was never a charge off.

36. Defendant Amex has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

37. Plaintiff notified Trans Union that he disputed the accuracy of the information Trans Union was reporting, on or around May 7, 2018 specifically stating in a letter that he was disputing this account since this account was paid in full not a charge off.

38. It is believed and therefore averred that Trans Union notified Defendant Amex of Plaintiff's dispute.

39. Upon receipt of the dispute of the account from the Plaintiff by Trans Union, Amex failed to conduct a reasonable investigation and continued to report false and inaccurate adverse

information on the consumer report of the Plaintiff with respect to the disputed account, by still including the charge off notations.

40. Furthermore, Amex failed to mark the account as disputed despite receiving the dispute letter from Plaintiff.

41. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the dispute account, Trans Union did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

42. Notwithstanding Plaintiff's efforts, Trans Union sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

43. As of the date of the filing of the filing of this Complaint, Defendant Amex continues to furnish credit data which is inaccurate and materially misleading, and Trans Union's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

44. Defendant Amex erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

45. As a result of Defendant Amex conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

## FIRST CAUSE OF ACTION
**(Willful Violation of the FCRA as to Toyota.)**

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

47. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

48. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

49. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

50. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

51. The Defendant Toyota violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

52. Specifically, the Defendant Toyota continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the existence of this account the late payment notation.

53. Additionally, the Defendant Toyota failed to mark the account as disputed after receiving the dispute letter.

54. As a result of the conduct, action and inaction of the Defendant Toyota, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

55. The conduct, action and inaction of Defendant Toyota was willful, rendering Defendant Toyota liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

56. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Toyota in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Yoel Dembitzer, an individual, demands judgment in his favor against Defendant, Toyota, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SECOND CAUSE OF ACTION
**(Negligent Violation of the FCRA as to Toyota)**

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

58. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

59. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

60. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

61. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above named Defendant must report the results to other agencies which were supplied such information.

62. Defendant Toyota is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

63. After receiving the Dispute Notice from Trans Union, Defendant Toyota negligently failed to conduct its reinvestigation in good faith.

64. A reasonable investigation would require a furnisher such as Defendant Toyota to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

65. Additionally, the Defendant Toyota failed to mark the account as disputed after receiving the dispute letter.

66. The conduct, action and inaction of Defendant Toyota was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

67. As a result of the conduct, action and inaction of the Defendant Toyota, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

68. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Toyota in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Yoel Dembitzer, an individual, demands judgment in his favor against Defendant, Toyota, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to Capital One.)

69. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

70. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

71. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

72. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

73. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

74. The Defendant Capital One violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

75. Specifically, the Defendant Capital One continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the February 2017 late payment notation.

76. Additionally, the Defendant Capital One failed to mark the account as disputed after receiving the dispute letter.

77. As a result of the conduct, action and inaction of the Defendant Capital One, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

78. The conduct, action and inaction of Defendant Capital One was willful, rendering Defendant Capital One liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

79. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Capital One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Yoel Dembitzer, an individual, demands judgment in his favor against Defendant Capital One for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FOURTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Defendant Capital One)

80. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

81. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

82. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

83. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

84. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above named Defendant must report the results to other agencies which were supplied such information.

85. Defendant Capital One is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

86. After receiving the Dispute Notice from Equifax, Defendant Capital One negligently failed to conduct its reinvestigation in good faith.

87. A reasonable investigation would require a furnisher such as Defendant Capital One to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

88. Additionally, the Defendant Capital One failed to mark the account as disputed after receiving the dispute letter.

89. The conduct, action and inaction of Defendant Capital One was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

90. As a result of the conduct, action and inaction of the Defendant Capital One, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

91. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Capital One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Yoel Dembitzer, an individual, demands judgment in his favor against Defendant, Capital One, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FIFTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Amex.)

92. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

93. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

94. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

95. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

96. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

97. The Defendant AMEX violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

98. Specifically, the Defendant AMEX continued to report this account on the Plaintiff's credit report after being notified of his dispute that this account was never a charged off account.

99. Additionally, the Defendant AMEX failed to mark the account as disputed after receiving the dispute letter.

100. As a result of the conduct, action and inaction of the Defendant AMEX, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

101. The conduct, action and inaction of Defendant AMEX was willful, rendering Defendant AMEX liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

102. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant AMEX in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Yoel Dembitzer, an individual, demands judgment in his favor against Defendant AMEX for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SIXTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Defendant AMEX)

103. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

104. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

105. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

106. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

107. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above named Defendant must report the results to other agencies which were supplied such information.

108. Defendant AMEX is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

109. After receiving the Dispute Notice from Trans Union, Defendant AMEX negligently failed to conduct its reinvestigation in good faith.

110. A reasonable investigation would require a furnisher such as Defendant AMEX to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

111. Additionally, the Defendant AMEX failed to mark the account as disputed after receiving the dispute letter.

112. The conduct, action and inaction of Defendant AMEX was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

113. As a result of the conduct, action and inaction of the Defendant AMEX, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

114. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant AMEX in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Yoel Dembitzer, an individual, demands judgment in his favor against Defendant, AMEX, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## DEMAND FOR TRIAL BY JURY

115. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment from the each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

 f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

 g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  Hackensack, New Jersey
    September 4, 2018

                 /s/Daniel Kohn
                 **Stein Saks, PLLC**
                 By:  Daniel Kohn
                 285 Passaic Street
                 Hackensack, NJ 07601
                 Phone: (201) 282-6500 ext. 107
                 Fax: (201) 282-6501